UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PATRICK R. SMITH,

                Plaintiff,

- against -

WESTCHESTER COUNTY
DEPARTMENT OF CORRECTIONS,
WARDEN AMICCUCI; CORRECTION
OFFICER GOTTLOB; CORRECTION
OFFICER RENNALLS # 634;
EMERGENCY RESPONSE TEAM,
SERGEANT JOHN DOE,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

07 Civ. 1803 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/12

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. BACKGROUND

On February 12, 2012, this Court issued an Opinion and Order denying plaintiff's request to file a Second Amended Complaint so he could add Correction Officer Derrick Holmes as a defendant.[1] On February 22, 2012, plaintiff moved for reconsideration of the Opinion and Order pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e) ("Rule 59(e)").[2] For the

---

    [1] *Smith v. Westchester County Dep't of Corr.*, No. 07 Civ. 1803, 2012 WL 527222 (S.D.N.Y. Feb. 15, 2012) (the "Opinion and Order").

    [2] Because Rule 59(e) addresses motions to alter or amend a *judgment*, it does not apply here.

following reasons, plaintiff's motion for reconsideration is DENIED.

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.[3] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[4] A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[5]

The purpose of Local Civil Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[6] Local Rule 6.3

---

[3] *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[4] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks omitted).

[5] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[6] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v.*

must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[7] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[8] A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[9] nor is it a substitute for appeal.[10]

---

*Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001)). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[7] *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks and citation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

[8] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[9] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[10] *See Grand Crossing*, 2008 WL 4525400, at *3.

## III. DISCUSSION

Plaintiff's motion is based on events that transpired at a court conference held on February 21, 2012. That is not where this story begins, however. Approximately one year earlier, on February 17, 2011, this Court held a conference with plaintiff's counsel, Michael A. Deem, and defense counsel, Shannon S. Brady. At that conference, defense counsel stated that she has been "very diligent in providing everything to [plaintiff's counsel's] client."[11] Defense counsel further stated that plaintiff had been provided "with all of the reports and the identification of everyone."[12] At the recent conference on February 21, 2012, plaintiff's counsel demanded that defense counsel produce a Jail Control Logbook and Jail Ring Report for December 5, 2006, the date of the alleged incident. Defense counsel stated that the Jail Control Logbook could not be produced because it was destroyed pursuant to a three-year retention policy.[13] Defense counsel further stated that she would produce the Jail Ring Report for December 5, 2006.[14]

---

[11]   2/22/12 Declaration in Support of Plaintiff's Motion to Reconsider the Opinion and Order Dated February 15, 2012, Ex. 2 at 1.

[12]   *Id.*, Ex. 2 at 2.

[13]   *See* Transcript of February 21, 2012 Conference ("Tr.") at 3-4.

[14]   *See id.* at 3.

Coupling the recent emergence of these two documents (Jail Ring Report and Jail Control Logbook) with defense counsel's earlier representation that all relevant discovery had been produced to plaintiff, plaintiff's counsel leaps to the conclusion that defense counsel admitted to the intentional/reckless spoliation of relevant documents as well as the failure to produce additional relevant documents. Plaintiff thus argues that a negative inference against Holmes should be drawn based on this alleged spoliation and failure to produce. More specifically, plaintiff argues that the "negative inference to be drawn is that Holmes and defense counsel received notice of this action within the [R]ule 4(m) period and knew that Holmes would have been named but for plaintiff's mistake."[15]

This Court fails to see the connection between the documents at issue and whether Holmes received notice of this action within the 120-day period provided for in Federal Rule of Civil Procedure 4(m). Without a link between the two, there is no basis in which to draw a negative inference against Holmes, much less the negative inference that he timely received notice of the instant action. Even assuming there was spoliation and a failure to produce, the appropriate sanction is not granting plaintiff leave to amend to add an entirely new defendant.

---

[15] Memorandum of Law in Support of Plaintiff's Motion to Reconsider the Opinion and Order Dated February 15, 2012, at 2-3.

In sum, plaintiff has not pointed to any controlling fact or decision overlooked by the Court which would cause it to reconsider the Opinion and Order.

## IV. CONCLUSION

Plaintiff's motion for reconsideration of the Opinion and Order is denied for the reasons stated herein. The Clerk of the Court is directed to close this motion (Docket Entry # 104).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:    New York, New York
          April 9, 2012

6

## - Appearances -

**For Plaintiff:**

Michael A. Deem, Esq.
Michael A. Deem, P.L.L.C.
95 Croton Avenue, Suite 37-t
Ossining, NY 10562
(914) 502-0395

**For Defendants:**

Shannon S. Brady
Westchester County Attorney's Office
148 Martine Avenue, Room 600
White Plains, NY 10601
(914) 995-3740